# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| WALTER E. ARCHER, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:09-CV-435 |
| | ) |
| MARTIN MULLINS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a complaint filed by Walter E. Archer, III. For the reasons set forth below, the Court: (1) **GRANTS** Walter E. Archer, III leave to proceed against Martin Mullins in his individual capacity for monetary damages for an excessive use of force in violation of the Fourth Amendment claim; (2) **DISMISSES** all other claims; (3) **DIRECTS** the Clerk to transmit the summons and USM-285 for Martin Mullins to the United States Marshals Service along with a copy of this Order and a copy of the complaint; (4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Martin Mullins; and (5) **ORDERS,** pursuant to 42 U.S.C. § 1997e(g)(2), that Martin Mullins respond, as provided for in the Federal Rules of Civil Procedure and N.D. I$_{ND}$. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening Order.

BACKGROUND

Walter E. Archer, III, a *pro se* prisoner, brings this civil action alleging that Martin Mullins, a South Bend police officer, used excessive force against him after he was handcuffed on January 1, 2008.[1]

> After I was down on [the] ground and handcuffed, Officer Martin Mullins hit me in the head with the butt of his taser gun . . .. Martin Mullins . . . was tasing me at the same time . . . kicked me in the left eye . . . kicked me in the ribs.

Complaint at 3. Archer alleges that "When I was caught by officers I didn't fight or resist." *Id.* at 4.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P.

---

[1] Archer signed the complaint on September 3, 2009, and the Clerk received it on September 17, 2009.

-2-

12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

"[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. at 396 (citation omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id*. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in

light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. Giving Archer the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has alleged that Martin Mullins used excessive force against him in violation of the Fourth Amendment.

CONCLUSION

For the foregoing reasons, the Court: (1) **GRANTS** Walter E. Archer, III leave to proceed against Martin Mullins in his individual capacity for monetary damages for an excessive use of force in violation of the Fourth Amendment claim; (2) **DISMISSES** all other claims; (3) **DIRECTS** the Clerk to transmit the summons and USM-285 for Martin Mullins to the United States Marshals Service along with a copy of this Order and a copy of the complaint; (4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Martin Mullins; and (5) **ORDERS,** pursuant to 42 U.S.C. § 1997e(g)(2), that Martin Mullins respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening Order.

**DATED: March 19, 2010**          **/s/RUDY LOZANO, Judge**
                                                   **United States District Court**